UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JIMMIE ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07CV81 LMB |
| | ) | |
| JOHN JORDAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jimmie Ellison, an inmate at Cape Girardeau County Jail, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $108.67. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), but the Court will allow plaintiff to file an amended complaint within 30 days of the date of this Memorandum and Order.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. <u>Id.</u>

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $309.83, and an average monthly balance of $543.37. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $108.67, which is 20 percent of applicant's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 alleging that the conditions of his confinement are unconstitutional. Named as defendants are John Jordan (Sheriff, Cape Girardeau County) and J.P. Mulcahy (Captain, Cape Girardeau County Sheriff's Department). Plaintiff seeks monetary and injunctive relief.

Plaintiff alleges the following facts: that Mulcahy forces him to sit on a domed, steel stool 8 hours per day; that plaintiff is forced to suffer extremely cold temperatures and cannot stay warm; that he only receives 15 minutes of outside recreation daily; that he is denied access to current state and federal statutes; and that he is denied private use of a copy machine for legal papers.

## Discussion

The complaint is silent as to whether defendants are to be sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Cape Girardeau County or its officials is responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim against defendants in their official capacities, and the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

Additionally, the Court notes that at least some of the factual allegations fail to state a claim under § 1983. For example, plaintiff's allegation that he is denied access to federal and state statutes fails to state a claim under § 1983 because plaintiff has not alleged that he has suffered an actual injury to pending or contemplated litigation. E.g., Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). However,

because plaintiff is a prisoner proceeding pro se, the Court finds that plaintiff should be allowed the opportunity to amend the complaint. Therefore, plaintiff shall file an amended complaint within 30 days of the date of this Memorandum and Order. Plaintiff is warned that an amended complaint replaces all previous complaints, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within 30 days, this case shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $108.67 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within 30 days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint, this case shall be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court has ordered plaintiff to file an amended complaint.

Dated this 19th day of June, 2007.

_____
UNITED STATES DISTRICT JUDGE